UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AROR ARK O'DIAH,

                              Plaintiff,

                                                            DECISION AND ORDER

                                                            10-CV-6705L

          v.

D. ARTUS, et al.,

                              Defendants.
_____

          Plaintiff, Aror Ark O'Diah, appearing *pro se*, has filed this civil rights action under 42 U.S.C.

§ 1983.  Plaintiff, an inmate in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS"), has sued twenty-two defendants, alleging a variety of claims

arising out of events that occurred over a period of several months during 2010, while plaintiff was

confined at Gowanda Correctional Facility.  Defendants have moved to dismiss the complaint for

failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  Plaintiff has cross-moved for summary judgment, and has filed two

motions seeking leave to amend the complaint to add a total of seven more defendants.


                                        **DISCUSSION**

**I. Defendants' Motion to Dismiss**

**A. General Principles**

          On a motion to dismiss under Rule 12(b)(6), the court's task is to determine whether,

"accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable

inferences in favor of the non-movant," the plaintiff has stated a facially valid claim.  *Sheppard v.*

*Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).  In making that determination, the court must keep in mind that "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Nevarez v. Hunt*, 770 F.Supp.2d 565, 567 (W.D.N.Y. 2011) (internal quotes and citations omitted).  At the same time, however, the Court is mindful that even after *Twombly*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214.  Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)) (additional internal quotes omitted).

## II. Application to this Case

Applying these standards here, I conclude that plaintiff's claims must be dismissed.  Though plaintiff has asserted a wide array of claims, they are all facially meritless.

For instance, while plaintiff asserts a due process claim arising out of his disciplinary hearings, the complaint and the exhibits attached to the complaint show that the most severe sanction that plaintiff received was thirty days in keeplock. *See* Complaint ¶¶ 76, 78; Exs. 27, 28.  Absent allegations that the conditions of plaintiff's confinement during that period were unusually harsh or that plaintiff suffered any severe or atypical hardship in connection with the sentences he received, these events did not implicate any constitutionally protected liberty interest. *See Sandin v. Conner*,

- 2 -

515 U.S. 472 (1995); *Ortiz v. McBride*, 380 F.3d 649, 654-55 (2d Cir. 2004); *Rivera v. Lempke*, 810 F.Supp.2d 572, 575 (W.D.N.Y. 2011).

In that regard, plaintiff does allege that he has been subjected to "mental cruelty, deprivation of movement, Human Liberty and Human rights," "physical, emotional, mental anguish, and psychological attacks," and similar torments.  Plaintiff's broad, unspecific allegations are not supported by the alleged facts, however, and are more in the nature of legal conclusions than facts. *See Toms v. Pizzo*, 4 F.Supp.2d 178, 183 (W.D.N.Y.) ("while this Court must give 'substantial leeway to *pro se* litigants'[,] it need not accept any litigant's legal conclusions") (quoting *Gomes v. Avco Corp.*, 964 F.2d 1330, 1335 (2d Cir. 1992)), *aff'd*, 172 F.3d 38 (2d Cir. 1998).  Furthermore, plaintiff fails to connect these events with any particular defendants, so there is no basis in his allegations for a claim against any individual defendant.

Plaintiff has also asserted a due process claim against Grievance Supervisor Janish for allegedly failing to follow state administrative rules concerning the grievance process. *See* Complaint ¶¶ 16, 17.  The law is clear, however, that a violation of state laws or regulations does not in itself give rise to a due process claim. *See Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir. 1987); *Eleby v. Selsky*, 682 F.Supp.2d 289, 293 (W.D.N.Y. 2010) ("even if plaintiff could show a deviation from procedures called for under state law or DOCS regulations ..., '[f]ederal constitutional standards rather than state law define the requirements of procedural due process'").  Plaintiff's conclusory allegations about Janish fail even to show a violation of state rules, much less a federal constitutional violation.

Another due process claim is based on the alleged loss of some of plaintiff's property. "The Second Circuit has held that New York provides an adequate post-deprivation remedy in the Court of Claims with respect to property claims by prison inmates." *Nash v. McGinnis*, 585 F.Supp.2d 455, 461 (W.D.N.Y. 2008) (citing *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996), and *Love v. Coughlin*, 714 F.2d 207, 209 (2d Cir. 1983)). *See also Hudson v. Palmer*, 468 U.S. 517, 534 (1984) (only post-deprivation remedy was required following intentional destruction of an inmate's personal

property by a prison guard, because the state was not "in a position to provide for predeprivation process"). The allegations concerning the loss of plaintiff's property thus fail to state a due process claim.

Plaintiff has also asserted claims based on the issuance of allegedly false misbehavior reports. "The Second Circuit has held that the issuance of false misbehavior reports against an inmate by corrections officers is insufficient on its own to establish a denial of due process .... " *Colantuono v. Hockeborn*, 801 F.Supp.2d 110, 116 (W.D.N.Y. 2011) (citing *Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir. 1986)) (internal quote omitted). There is no indication that any unconstitutional motives underlay the issuance of the reports, and in fact, the complaint and exhibits tend to show that there was a factual basis for the reports. These claims must therefore be dismissed as well.

Plaintiff also alleges that on July 29, 2010, he was assaulted by another inmate, and that defendants "set up" the assault and failed to protect him from his assailant. *See* Complaint ¶¶ 88-91. While the Court will assume the truth of plaintiff's allegation that he was assaulted, the complaint is devoid of allegations making it plausible that any defendant was involved, or that any defendant was in a position to prevent the assault from occurring. In short, plaintiff's factual allegations simply do not support this claim.

Plaintiff has also sued several defendants from the medical staff at Gowanda, alleging that they were deliberately indifferent to his medical needs on certain occasions. At most, plaintiff's allegations show that he disagreed or was dissatisfied with the treatment that he was given. He alleges, for instance, that on one occasion he should have been given an MRI in addition to the x-ray that he was given. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (stating that an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation").

Plaintiff also alleges that certain nurses did not give him Tylenol or eye drops for several days following the assault by the other inmate. The facts alleged, however, do not suggest that defendants

- 4 -

acted out of deliberate indifference to any serious medical need on plaintiff's part, or that the failure to provide plaintiff with Tylenol or eye drops during this period created an excessive risk to his health or caused him to suffer undue pain. *See Mason v. Peters*, 346 F.Supp.2d 396, 398 (W.D.N.Y. 2004) (Eighth Amendment claim requires that "the defendant acted maliciously and sadistically to cause [plaintiff] harm and that he suffered some harm as a result of that action").

Plaintiff alleges that he was denied access to the courts because the prison law library copier was temporarily shut down and because some of his legal mail was misdelivered to a different correctional facility. To succeed on a claim of denial of access to the courts, however, "a prisoner must first demonstrate that an actual injury was suffered in order to have standing." *Melendez v. Haase*, No. 04 Civ. 00073, 2010 WL 5248627, at *7 (S.D.N.Y. Dec. 15, 2010) (citing *Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001)), *aff'd*, No. 11-1699, 2012 WL 1450021 (2d Cir. Apr. 27, 2012). "A plaintiff can demonstrate that a defendant caused actual injury by showing that the defendant 'took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim.'" *Id.* (quoting *Montanez v. Cuoco*, 361 Fed.Appx. 291, 294 (2d Cir. 2010)). *See also Benjamin*, 264 F.3d at 184 (to establish a claim of inadequate access to the courts, an inmate must show that defendants' acts or omissions "'hindered his efforts to pursue a legal claim'–for example, by demonstrating that he has been unable to file a complaint or has had a complaint dismissed for failure to observe a technicality") (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Plaintiff fails to allege such facts. He has also not alleged facts showing that these alleged events were the result of intentional conduct on the part of defendants, that defendants acted with the requisite intent to hamper plaintiff's ability to pursue any legal claim, or that he did suffer any specific harm with respect to any legal claim, as a result of these events.

Plaintiff has also alleged a variety of other claims, including claims of conspiracy, retaliation, and equal protection claims, none of which can survive a motion to dismiss. All of these claims lack supporting factual allegations. While a plaintiff need not plead evidence or go into detail when asserting a claim under the Federal Rules, the allegations must still contain enough facts to make the

claim plausible.  Here, plaintiff has done little more than recite the names and elements of these claims, which is not enough.  *See Twombly*, 550 U.S. at 555 (stating that "a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level").

I also note that plaintiff has attempted to assert a claim for slander.  Assuming *arguendo* that a slander claim may, under some circumstances, be brought under § 1983, plaintiff has not alleged sufficient facts to make out such a claim.  *See Zherka v. Amicone*, 634 F.3d 642, 646 (2d Cir. 2011) (stating that a defamation claim against state officials may proceed if plaintiff alleges "concrete harm").  Plaintiff simply alleges that his "good name and character has [sic] been lynched and assessinated [sic] without rational basis ... ."  Complaint ¶ 110.  To the extent that plaintiff attempts to assert a defamation claim under state law, I decline to exercise jurisdiction over it.

In addition, plaintiff's claims for damages against defendants in their official capacities would have to be dismissed in any event, *see Taylor v. Fischer*, 841 F.Supp.2d 734, 737 (W.D.N.Y. 2012).  His claims against defendants Cuomo, Fischer and Wright are also subject to dismissal for lack of personal involvement on the part of those defendants.  *See Rivera v. Lempke*, 810 F.Supp.2d 572, 575 (W.D.N.Y. 2011).  Finally, plaintiff's claims against defendant Unger, the superintendent of Wyoming Correctional Facility, is the subject of another lawsuit brought by plaintiff, *O'Diah v. State of New York*, 10-CV-6592, and are more appropriately addressed in that lawsuit, which relates to events that occurred while plaintiff was housed at Wyoming.

**II. Plaintiff's Motions**

Plaintiff has cross-moved for summary judgment.  For the reasons stated above, the Court finds no merit to plaintiff's claims, and plaintiff's cross-motion is therefore dismissed.

Plaintiff's motions for leave to amend to add additional defendants are denied.  The Court has reviewed the basis for the proposed claims against these defendants and finds them to be without

- 6 -

merit.  Amendment would therefore be futile, as the claims against these defendants would be subject to dismissal.  *See Purnell v. Grieg*, 810 F.Supp.2d 569, 571-72 (W.D.N.Y. 2011).

## CONCLUSION

Defendants' motion to dismiss (Dkt. #11) is granted, and the complaint is dismissed.

Plaintiff's cross-motion for summary judgment (Dkt. #19) and his motions for leave to amend (Dkt. #14 and #16) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 24, 2012.

- 7 -